IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RODNEY JERMAINE DUNLAP, #214 878, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.:  2:11-CV-716-WHA ) [WO] |
| SANDRA GILES, WARDEN II, *et al.*, | ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate in the custody of the Alabama Department of Corrections.  He filed this 42 U.S.C. § 1983 action on September 1, 2011 complaining that Defendants violated his rights to due process and equal protection with respect to two disciplinary infractions he received for insubordination in August 2011.  Plaintiff also claims that Defendants have subjected him to verbal abuse.  The complaint is filed against Warden Sandra Giles, Warden Rene Mason, Captain Sylvester Nettles, Captain Tyrone Jenkins, and Lieutenant Timothy Scott.   Plaintiff seeks damages, an order prohibiting Defendants from subjecting him to further verbal abuse, and expungement of the disciplinary charges from his prison file.

Upon review of the complaint, the court concludes that dismissal of the complaint prior to service of process is appropriate  in accordance with the provisions of 28 U.S.C. §

1915(e)(2)(B).[1]

## I. DISCUSSION

*A. The Due Process Claim*

In August 2011 Plaintiff received two disciplinary notices for insubordination. Following a disciplinary hearing, Plaintiff was sanctioned to ten days in segregation for each rule violation. Plaintiff complains, however, that he was denied the opportunity to call witnesses and present documentary evidence at the disciplinary hearing. (*Doc. No. 1 at pgs. 3-5, 8.*)

Plaintiff's claim that he was denied due process in regard to the disciplinary charges in question does not state a violation of his constitutional rights. The Supreme Court has held that prison regulations on confinement of inmates do not create a liberty interest enforceable in a § 1983 action. *Sandin v. Conner,* 515 U.S. 472 (1995). In *Sandin,* the Court determined that the added restraint of prison discipline "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." *Id.* at 486. Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

judicial oversight." *Montanye v. Haymes,* 427 U.S. 236, 242 (1976), quoted in *Sandin,* 515 U.S. at 480.

Here, the disciplinary proceedings about which Plaintiff complains did not subject him to "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin* , 515 U.S. at 484, 115.  Because Plaintiff has not alleged deprivation of a protected liberty interest, his complaint in relation thereto fail to state a due process claim as a result of the infractions he received for insubordination.  *See id.* at 487.

Based on the foregoing, the court concludes that Plaintiff's due process claim does not rise to the level of a constitutional violation and provides no basis for relief in this 42 U.S.C. § 1983 action.  It is, therefore, due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i). *See Neitzke v. Williams*, 489 U.S. 319 (1989).

*B.  The Equal Protection Claim*

Plaintiff maintains that Defendants Nettles and Jenkins are treating him unfairly by singling him out for more harsh treatment than most inmates by issuing him disciplinary infractions for insubordination "to make suer [he] get[s] put back in segregation." (*Doc. No. 1 at pg. 8*.) . According to Plaintiff's complaint, if he is subjected to placement in segregation for violating institutional rules against insubordination, other inmates guilty of the same conduct should also be subjected to the same punishment. (*Id. and pgs. 4-5*)  The court understands Plaintiff to complain that Defendants Nettles' and Jenkins' conduct in this regard subjected him to actionable unequal treatment.

3

Equal protection principles require generally that government officials behave in a way such "that all persons similarly situated should be treated alike." *Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). Thus, in order to establish a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, allege that he is similarly situated with other persons who were treated differently and that the reason for the differential treatment was based on a constitutionally protected interest. *Jones v. Ray*, 279 F.3d 944, 947 (11th Cir. 2001); *Damiano v. Florida Parole and Probation Com'n*, 785 F.2d 929, 932-33 (11th Cir. 1986). Inconsistency in the operation of a prison may not, in itself, constitute a denial of equal protection. *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265-66 (1977); *Jones v. White*, 992 F.2d 1548, 1573 (11th Cir. 1993); *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987).

> [O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause. Discriminatory purpose . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decision maker . . . selected . . . a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group.

*Personnel Administrator of Mass. v. Feeney*, 442 U.S. 256, 279 (1979) (footnote and citation omitted); *see also Hernandez v. New York*, 500 U.S. 352, 359 (1991). Evidence which merely indicates disparity of treatment or erroneous or even arbitrary administration of state powers rather than instances of purposeful or invidious discrimination, is insufficient to show discriminatory intent. *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987).

Inmates themselves do not constitute a suspect or quasi-suspect class entitling such persons to "strict scrutiny" of disparate government treatment.  Plaintiff's allegation that he received infractions for insubordination resulting in his placement in segregation when other inmates engaged in the same conduct were not so sanctioned, does not allege that he has been subjected to any tangible unequal treatment by Defendants' conduct such as their decision being based upon a constitutionally protected interest. As a matter of law, therefore, the allegations supporting this claim, without more, do not rise to the level of a constitutional violation.  This claim is, therefore, due to be dismissed in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

*C. The Verbal Abuse Claim*

Plaintiff complains that Defendants have  subjected him to verbal abuse and threats by  stating to him, among other things,"We got you where we want you," Who's the fool," and ". . .have your stuff packed because we coming to get you best believe that!"  (*Doc. No. 1 at pg. 4*.) This allegation entitles Plaintiff to no relief.

An essential element of a 42 U.S.C. § 1983 action is that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981). The comments about which Plaintiff complains, standing alone, do not violate the Constitution. *Cf. Paul v. Davis*, 424 U.S. 693 (1976). Threatening, derogatory, profane or abusive comments made by correctional officers

to an inmate do not rise to the level of a constitutional violation. *Edwards v. Gilbert*, 867 F.2d 1271, 1274 n.1 (11th Cir. 1989) (verbal taunts directed at plaintiff do not violate his constitutional rights); *McFadden v. Lucas*, 713 F.2d 143; 147 (5th Cir. 1983) (threatening demeanor of officers undertaken "to enforce reasonable security needs are not violative of a prisoner's constitutional rights."); *see also Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973); *Aziz Zarif Shabazz v. Pico,* 994 F. Supp. 460, 474 (S.D.N.Y.1998) ("verbal harassment or profanity alone ... 'no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983.") (citation omitted). Thus, the comments about which Plaintiff complains fail to demonstrate a deprivation of any protected right, privilege or immunity under the Constitution and this claim is due to be dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's complaint be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i-ii).

It is further

ORDERED that the parties shall file any objections to the Recommendation on or before **December 5, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or

general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 18th day of November 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE